IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY K. BENEDIX, | |
| Plaintiff, | Case No. 10 C 3072 |
| v. | Hon. Harry D. Leinenweber |
| VILLAGE OF HANOVER PARK, an Illinois Municipal Corporation, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Kimberly K. Bendix, (the "Plaintiff") has filed a five-count Complaint alleging a Section 1983 wrongful termination for reasons of political affiliation, and state law claims of tortious interference with contract, tortious interference with prospective economic advantage, conspiracy and indemnification. The Defendants are the Village of Hanover Park, Illinois (the "Village"), the Mayor and three Trustees of the Village, in both their official and individual capacities. All counts are based on the actions of the Defendants, all members of the Village Board of Hanover Park, Illinois, for participating in the enactment of an ordinance.

## I.  BACKGROUND

The Plaintiff was employed as Executive Coordinator to the Village Manager. On May 21, 2009, the Village Board of Trustees

enacted Ordinance No. ORD 0-09-15, to restructure its village staff positions, eliminating three positions and adding one. The positions eliminated included the position occupied by Plaintiff, Executive Coordinator. She contends that the elimination of her position (and her termination as a result) was in retaliation for having been "associated with and friendly with Village Manager Hummel" who is alleged to have been an active supporter of the opposition party to that of the Mayor and council majority. She bases her state law claim of tortious interference with contract on her contention that she had an employment contract with the Village which was breached as a result of Defendants' actions. Separately, she claims that she had a reasonable expectation of being re-employed by the Village in a newly created position of Village Collector or in some unnamed open position. She claims the individual Defendants were aware of this expectation and intentionally prevented this expectation from ripening into a valid business relationship. Lastly, she claims that the individual Defendants conspired to terminate her position.

## II.  DISCUSSION

### A.  Section 1983

The Defendants contend that they are absolutely immune from Section 1983 liability by the doctrine of legislative immunity, citing *Rateree v. Rockett*, 852 F.2d 946 (7th Cir. 1988). Plaintiff, on the other hand, contends that the restructuring was

administrative, even though accomplished by ordinance, and thus not subject to immunity. Legislative immunity was discussed in *Rateree*, which both sides cited at length. The court in *Rateree* said that employment decisions are generally administrative, but that the decision in this case involved the restructuring of the executive branch by elimination positions by legislative act, *i.e.*, by ordinance. The court said that such action constituted a quintessential legislative act, thus entitling the defendants to legislative immunity. The court said at page 949 that:

> [we] are bound by our earlier decision in *Reed v. Village of Shorewood*, 704 F.2d 952, 253 (7th Cir. 1983), which held that local legislators are absolutely immune for their legislative acts. . . . The extension of absolute legislative immunity to local legislators recognizes that there is no material distinction between the need to insulate legislators at the national level to protect the public good . . . and the need at the local level. (Citations omitted).

Here in this case, like in *Rateree*, Plaintiffs position was eliminated (along with two others) by ordinance so that she was not replaced. Plaintiff seeks to distinguish *Rateree* by noting that the restructuring there was done by enactment of a budget ordinance rather than by a restructuring ordinance as was the case in Hanover Park. However, this is obviously a distinction without a difference: restructuring of the executive branch by an ordinance whether denominated a budget ordinance or just an ordinance is obviously a "quintessential a legislative act." When a legislative body acts by ordinance, it is reestablishing policy for the

- 3 -

municipal body and the courts have no place in evaluating *bona fides* of such policy, as their motives are irrelevant. *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951). Here, Plaintiff is alleging that her position was terminated as a result of vindictive motivations of the Village President and the council majority because she was friendly with a political opponent of theirs. The Defendants' motivations are immune from court review. Accordingly, Count I is dismissed with prejudice.

## B.  The State Law Claims

Although Defendants assert that the state law claims must also be dismissed based on the state's tort immunity act, specifically 745ILCS 10/2-205, it appears that Illinois common law grants municipal legislators legislative immunity as broad as that granted under United States Law. *Mahoney Grease Service, Inc. v. City of Joliet*, 406 N.E.2d 911, 914 (3rd Dist. 1980), stated:

> "It is well settled rule that members of a municipal council are not liable personally for their legislative acts. (56 Am.Jur.2d Municipal Corporations, Sec. 146). The authorities seemingly are in accord that, as a general rule, the members of legislative bodies cannot be held personally responsible in civil actions based upon their vote in the exercise of discretion vested in them by virtue of their office, either for or against any particular legislation. . . . Based upon the common law legislative immunity plaintiff may not successfully maintain its claim against the individual councilmen defendants.

In addition, the Illinois Tort Immunity Act, 745 ILCS 10/2-205, provides that "[a] public employee is not liable for an injury caused by his adoption of. Or failure to adopt, an enactment, or by

his failure to enforce any law." This provision has been interpreted by the Illinois courts to provide absolute immunity to municipalities and their employees for injuries caused by adoption of an enactment, even if the conduct is deemed willful and wanton. *Carter v. City of Elmwood*, 515 N.E.2d 415, 416-7 (3rd Dist. 1987). *Accord: Glenn v. City of Chicago*, 628 N.E.2d 844 (1st Dist. 1993), *appeal denied*, 638 N.E.2d 1115. In *Carter*, the City Council adopted a budget appropriation which eliminated the position of the plaintiff Carter. The court held that the language of Section 2-205 is "clear and unequivocal" in providing immunity and the absence of any language relating to wilful or wanton misconduct made the immunity "absolute." Accordingly, Counts II, III and IV are dismissed with prejudice.

### C. Conspiracy

Since the conspiracy count is based on the conduct which is subject to absolute immunity and therefore not tortious, there can be no civil conspiracy. As stated in *Tierney v. Vahle*, 304 F.3d 734, 743 (7th Cir. 2002) dressing up a failed tort claim in the language of conspiracy to evade the limitations of the tort "cannot be permitted." If the underlining alleged tort claim does not state of a claim, then neither does a conspiracy count based on the same conduct. *Lee v. Radulovic*, 1994 WL 502844 (N.D. Ill., Sept. 13, 1994). Accordingly, Count IV is dismissed with prejudice.

## D.  Indemnification

The indemnification statute empowers local public entities to pay any tort judgments for compensatory damages for which an employee while acting within the scope of his employment is liable. 745 ILCS 10/9-102.  Since the state law claims have been dismissed, there is nothing to indemnify.  Therefore, Count V is dismissed with prejudice.

## III.  <u>CONCLUSION</u>

For the reasons stated herein, the Complaint of Plaintiff is dismissed in its entirety with prejudice.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:**      December 8, 2010